Marshall, C. J.,
concurring. The Newark Telephone Company, an Ohio corporation, of Newark, Ohio, and the receivers of The Central Union Telephone Company, an Illinois corporation, of Chicago, Illinois, on the 23d day of January, 1919, filed their joint petition with the Public Utilities Commission of Ohio, praying the consent and approval of the commission and its permission to the receivers of The Central Union Telephone Company to consummate a sale to The Newark Telephone Company of the plant and exchange of The Central Union Telephone Company at Newark, Ohio, and vicinity, under favor of Sections 614-60 and 614-61, General Code of Ohio.
The petition alleges that for many years prior thereto both the companies had operated telephone systems consisting of toll lines and exchanges, and that subject to the consent and approval of the commission said receivers had agreed to sell and *160 The Newark Telephone Company had agreed to purchase and combine with its present plant the telephone exchange of The Central Union Telephone Company at Newark, Ohio, and vicinity, and the toll line and toll circuit between Newark and Johnstown. A complete description of the property so proposed to be sold and purchased was attached as an exhibit and made a part of the petition. Prior to the filing of the petition the receivers had obtained the authority to enter into such a contract from the superior court of Cook county, Illinois, and the common pleas court of Franklin county, Ohio, wherein said receivers were appointed.
On the same day, to-wit, January 23, 1919, the commission entered an order that both telephone companies be required to proceed to make an inventory of all their respective property used and useful for the .convenience of the public and the furnishing of telephonic service in the exchange area of Newark, Ohio, as of January 23, 1919, and when completed that the same be .filed with the commission. The order particularly specified all the different kinds of property to be included in the inventory.
On the 10th day of February, 1919, and on other dates subsequent thereto, The Central Union Telephone Company filed such inventories, and on April 21, 1919, The Newark Telephone Company filed its detailed inventory.
On May 22, 1919, the city of Newark, Ohio, filed its answer in said cause with the commission, alleging that on September 7, 1910, the city of *161 Néwark passed an ordinance granting the right of way through the streets, avenues, lanes, alleys and courts of said city for erecting and maintaining poles, and laying and suspending wires, cables and appliances, and maintaining the same; that the ordinance provided a schedule of maximum rates to be charged telephone subscribers or patrons in the city of Newark, Ohio; that the grant was to continue for a period of twenty-one years from its date; and that the ordinance granted to The Newark Telephone Company the right and privilege of constructing underground conduits under and in its streets, alleys and public ways, and of laying and maintaining wires therein in the, conduct of its business.
On the 30th day of September, 1910, The Newark Telephone Company, by its president and secretary duly authorized by resolution of its board of directors, accepted said ordinance by written acceptance and filed the same with the clerk of council of said city, and thereafter The Newark Telephone Company operated under said grant and laid and maintained underground conduits, and still maintains and operates the same.- !
It is claimed in the answer that the grant of said ordinance and its acceptance constitute a contract between the city and The Newark Telephone Company, which is binding and enforceable so far as the maximum rates therein provided are concerned. It is further claimed in the answer that in so far as the laws of Ohio assumed to authorize the commission to fix rates different from those provided *162 by said ordinance, they are unconstitutional as being in contravention of Section 4, Article XVIII, and Section 28, Article II, of the Constitution of Ohio, and Section 10, Article I, and Section 1, 14th Amendment, of the Constitution of the United States. The answer prays that the rights of the city under the ordinance of September 10, 1910, and the rates fixed therein, be maintained, and that no change or alteration be authorized by the commission.
On May 23, 1919, Ernest T. Johnson, a taxpayer of Newark, Ohio, filed his answer in said proceeding, which answer contains the same allegations and makes the same prayer as the answer of the city of Newark.
The petitioners demurred to the answers of the city of Newark and the taxpayer, and on September 2, 1919, the demurrers were sustained. On the same day the commission entered an order determining the final valuation of the several classes and kinds of property of the telephone companies Used and useful within the exchange area of Newark, Ohio, and on the 16th day of September, 1919, 'found and determined rates, rentals, tolls and charges for telephonic service within the city of Newark, Ohio, by The Newark Telephone Company, which rates, rentals^ tolls and charges were in excess of the maximum rates theretofore provided by the ordinance of 1910. Many other orders were made, which are not material to this inquiry, because the only objection made by the city of *163 Newark and by the taxpayer pertains to the matter of increased rates.
Petitions for rehearing were duly made and overruled. Thereupon, within the statutory time, the city of Newark and Ernest T. Johnson, as taxpayer, filed their petitions in error in this court praying a reversal of the order of the commission whereby the rates were increased beyond the maximum rates provided in said ordinance. •
This case was argued and submitted on the same day as the case of City of Columbus v. Public Utilities Commission et al., No. 16562, ante, 79, and that proceeding presents all of the questions which are presented by these records, and certain additional questions.
For the reasons given in the concurring opinion filed by me in that -cause, I concur in the judgment that the order of the public utilities commission in this consolidated cause should be reversed.